Prob12B
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

**REQUEST FOR MODIFICATION
TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER**
*Probation Form 49 (Waiver of Hearing) is Attached*
**June 21, 2017**

Name of Offender: **Eric Carlos Ruiz**

Case Number: **2:16CR00367**

Name of Sentencing Judicial Officer: **Honorable Dean D. Pregerson**

Date of Original Sentence: **April 8, 2002**

Original Offense: **Brandishing a Firearm During a Crime of Violence and Using and Carrying a Firearm During a Crime of Violence**

Original Sentence: **192 Months prison, followed by 60 Months TSR.**

Date of Prior Revocation: **August 15, 2016**

Revocation Sentence: **Three Months prison, followed by 53 Months TSR.**

Date Supervision Commenced: **October 20, 2016**

Date Jurisdiction Transferred to District of Nevada: **December 15, 2016**

Name of Assigned Judicial Officer: **Honorable Jennifer A. Dorsey**

## PETITIONING THE COURT

☒ To modify the conditions of supervision as follows:

1. **Reside in a Residential Re-entry Center** - **You shall reside at and participate in the program of a residential re-entry center for a period of up to 180 days as approved and directed by the probation officer.**

2. **C.A.R.E Program** - **You shall reside at and participate in the C.A.R.E. Program for a period of up to seven months as approved and directed by the probation officer. While participating in the program, if you test positive for alcohol, and any**

**controlled substance, and/or any form of synthetic marijuana or synthetic stimulants, you will be taken into custody for a minimum period of seven days.**

## CAUSE

As the Court is aware, Ruiz was recently before the Court, and his struggles with methamphetamine use and mental illness were discussed. At that time, the probation officer was requesting Ruiz be placed in a residential re-entry center, as it appeared his behavior and his drug use were escalating. On June 12, 2017, the Court ordered the matter to be continued for 30 days to allow Ruiz time to establish himself in treatment.

On June 17, 2017, Ruiz failed to report for a urinalysis, as instructed. He was directed to report to the probation office on June 19, 2017. During that visit, Ruiz provided a drug test which tested presumptive positive for methamphetamine. Ruiz adamantly denied using at first. However, after talking, he admitted he was with friends who were visiting from Los Angeles, and they were using the drug. He stated he believed the positive test was from a "contact high," or merely being present around the smoke of the drug. When he was told that was not possible, Ruiz then reported a female in the vehicle he was in pressed her mouth on his, and blew the smoke into his mouth; an action which he referred to as being "shot-gunned."

Despite this being considered use of the drug, Ruiz attempted to justify his use, making statements such as, "I didn't think it would come up positive," which again, shows his immaturity and lack of impulse control.

Ruiz was presented with a waiver of hearing form, containing the C.A.R.E. Program and RRC placement for a period of up to 180 days. It was explained to Ruiz that he has a right to have a hearing and counsel prior to the addition to conditions to his supervised release. Ruiz agreed to sign the waiver adding the aforementioned conditions. Therefore, it is respectfully recommended the Court modify Ruiz's conditions to include the C.A.R.E. Program, and the requirement that he reside in the RRC while participating in treatment. Ruiz is in need of a structured environment at this time wherein he can just focus on himself and getting the treatment he needs.

Should the Court have questions or concerns regarding this requested modification, please contact the undersigned at (702) 527-7272.

Respectfully submitted,

_____
Sunny Cascio
United States Probation Officer

Approved:

_____
Todd J. Fredlund
Supervisory United States Probation Officer

*THE COURT ORDERS*

☐ No Action.

☐ The extension of supervision as noted above.

**X** The modification of conditions as noted above

☐ Other (please include Judicial Officer instructions below):

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

IT IS FURTHER ORDERED that the 12D hearing regarding conditions of supervision set for **7/10/2017** is **VACATED.**

_____
Signature of Judicial Officer

6/22/2017
_____
Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

## District of Nevada

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. **C.A.R.E Program** - You shall reside at and participate in the C.A.R.E. Program for a period of up to seven months as approved and directed by the probation officer. While participating in the program, if you test positive for alcohol, and any controlled substance, and/or any form of synthetic marijuana or synthetic stimulants, you will be taken into custody for a minimum period of seven days.

2. **Reside in a Residential Re-entry Center** - You shall reside at and participate in the program of a residential re-entry center for a period of 180 days as approved and directed by the probation officer.

Witness: _____  Signed: _____
U.S. Probation Officer                          Probationer or Supervised Releasee

Date: _____